**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

RICHARD POOLE,

    Plaintiff,

v.                                                    Case No. 05-CV-74163-DT

VALLEY INDUSTRIES, a/k/a VALLEY
AUTOMOTIVE,

    Defendant.
                                     /

**OPINION AND ORDER DENYING "PLAINTIFF'S MOTION FOR
RECONSIDERATION"**

Pending before the court is "Plaintiff's Motion for Reconsideration," filed October 20, 2006. Plaintiff Richard Poole requests reconsideration of the court's October 11, 2006 "Opinion and Order Granting 'Defendant's Motion for Summary Judgment.'" For the reasons set forth below, Plaintiff's motion will be denied.

**I. STANDARD**

Plaintiff brings his motion under Federal Rule of Civil Procedure 59(e). A district court maintains discretion when deciding a motion to amend a judgment under Rule 59(e). *Northland Ins. Co. v. Stewart Title Guar. Co.,* 327 F.3d 448, 454-55 (6th Cir. 2003). "Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice." *GenCorp, Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

Additionally, Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration that presents "the same issues already ruled upon by the court, either expressly or by reasonable implication," will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997).

## II.  DISCUSSION

In his motion for reconsideration, Plaintiff primarily argues that the court did not adequately consider the additional evidence Plaintiff submitted in his sur-reply. As an initial matter, the court notes that the court has previously stricken this additional evidence in an October 10, 2006 text-only order.[1]

Moreover, the courts finds that Plaintiff's supplemental evidence fails to establish a basis for the court to grant his motion for reconsideration. In his motion, Plaintiff himself fails to demonstrate why the additional evidence should lead the court to reconsider its prior ruling. Plaintiff proffers no evidence of "a clear error of law, newly discovered evidence, an intervening change in controlling law, or . . . manifest injustice."

---

[1] Plaintiff erroneously contends that the court has not ruled on Plaintiff's motion for leave to file his sur-reply brief.

*GenCorp,* 178 F.3d at 834.  Furthermore, Plaintiff fails to "demonstrate a palpable defect by which the court and the parties have been misled." *Lockett*, 328 F. Supp. 2d at 684.

The substance of Plaintiff's motion for reconsideration is limited to testimony the court has already considered in granting Defendant's motion for summary judgment. Because Plaintiff's motion merely presents evidence the court has already taken into account in making its decision, the court will deny Plaintiff's motion.  *See*  E.D. Mich. LR 7.1(g)(3); *Czajkowski*, 967 F. Supp. at 952.

### III.  CONCLUSION

IT IS ORDERED that "Plaintiff's Motion for Reconsideration" [Dkt. # 40] is DENIED.

s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  November 9, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 9, 2006, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(313) 234-5522